## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JENNIFER L. HOPPER,

     Plaintiff,

-vs-

EQUIFAX INFORMATION
SERVICES, LLC, EXPERIAN
INFORMATION SOLUTIONS, INC.,
TRANS UNION, LLC and ALLY
FINANCIAL, INC.,

     Defendants.

CASE NO.:

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, JENNIFER L. HOPPER ("Plaintiff"), by and through undersigned counsel, alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA") against Defendants, EQUIFAX INFORMATION SERVICES, LLC ("Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), TRANS UNION, LLC ("Trans Union"), and ALLY FINANCIAL, INC. ("Ally") (collectively "Defendants").

## JURISDICTION AND VENUE

1.    Jurisdiction for this Court is conferred by 28 U.S.C. § 1331.

2.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), as Plaintiff is a resident here, a substantial part of the events giving rise to Plaintiff's claims occurred here, and Defendants transact business here.

## PARTIES

3.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

4.    Equifax is a corporation with its principal place of business in Georgia and whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

5.    Experian is a corporation with its principal place of business in California and whose registered agent in Florida is CT Corporation System, 1200 S Pine Island Road, Plantation, Florida 33324.

6.    Trans Union is a corporation with its principal place of business in Illinois and whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

7.    Equifax, Experian, and Trans Union are "consumer reporting agencies," as defined in 15 U.S.C. § 1681(f), as they are regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties.

8.    Equifax, Experian, and Trans Union disseminated, disbursed, and/or published consumer reports concerning Plaintiff to third parties under contract for monetary compensation.

9.    Ally is a corporation with its principal place of business in Michigan and whose registered agent in Florida is CT Corporation System, 1200 S Pine Island Road, Plantation, Florida 33324.

10.    Ally is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2, because it is an entity who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about transactions or experiences with consumers.

11.    Ally furnished inaccurate information about transactions or experiences with Plaintiff to one or more consumer reporting agencies.

## FACTUAL ALLEGATIONS

12.    Plaintiff is alleged to have an automobile loan with Ally, account number ending in 5768, which had a balance of approximately $43,341.00 (the "Account").

13.    On or about January 3, 2023, Plaintiff visited Brandon Mitsubishi and applied for an automobile loan in relation to the purchase of a truck.

14.    Plaintiff entered into a retail installment sale contract ("RISC") with Pentagon Federal Credit Union ("Pentagon") and was provided an interest rate of 8.64%. As part of the transaction, Plaintiff also traded in a vehicle.

15.    A few weeks later, a representative from Brandon Mitsubishi called Plaintiff and told her that the loan with Pentagon "fell through," but that she should "not worry" because he had "put her signature on new terms with Ally Financial."

16.    Plaintiff became aware that a fraudulent RISC was sent to Ally and a loan was approved with an interest rate of 15.24%, which was much greater than the rate initially provided by Pentagon.

17.     Plaintiff immediately told the representative from Brandon Mitsubishi that he had committed fraud and that she rejected the terms of the loan with Ally.

18.     On or about January 24, 2023, Plaintiff received an approval letter from Ally concerning the Account. Upon receiving the approval letter, Plaintiff called Ally and explained that the RISC was fraudulently signed and that she did not agree to the terms of the Account. Ally told Plaintiff that she needed to take up the issue with Brandon Mitsubishi and that there wasn't anything they could do for her.

19.     Plaintiff then went back to Brandon Mitsubishi to again explain the illegal actions that had transpired concerning the Account and she requested cancellation of the fraudulent RISC.

20.     Subsequent to visiting Brandon Mitsubishi, Plaintiff received two letters from Ally dated February 9, 2023 and February 10, 2023, which stated that the Account had been fully satisfied.

21.     However, in or about April of 2023, while reviewing her consumer reports, Plaintiff learned that Ally was inaccurately furnishing information about the Account to Equifax, Experian, and Trans Union.

22.     In response to the inaccurate reporting, on or about May 10, 2023, Plaintiff mailed written dispute letters to Equifax, Experian, and Trans Union disputing the inaccurate reporting of the Account.

23.    In the dispute letters, Plaintiff explained that the Account was the result of fraud and that she wanted her consumer reports corrected. To confirm her identity, a copy of her driver's license was included. Also, in the letters, Plaintiff provided images of his consumer credit report, and images from other relevant documents.

24.    Upon information and belief, Equifax, Experian, and Trans Union notified Ally of Plaintiff's disputes. However, Ally failed to conduct a reasonable investigation and merely compared its erroneous data to that which it had already furnished. Ally did not attempt to communicate with Plaintiff directly in relation to her dispute.

25.    On or about May 25, 2023, Equifax responded to Plaintiff's dispute but did not address the Account. Upon information and belief, Equifax failed to do any independent investigations into Plaintiff's dispute. Further, Equifax never attempted to contact Plaintiff.

26.    Plaintiff never received a response to her dispute from Experian. Upon information and belief, Experian failed to do any independent investigations into Plaintiff's dispute. Further, Experian never attempted to contact Plaintiff.

27.    Plaintiff never received a response to her dispute from Trans Union. Upon information and belief, Trans Union failed to do any independent investigations into Plaintiff's dispute. Further, Trans Union never attempted to contact Plaintiff.

28.    Despite Plaintiff's best efforts to have the Account corrected by providing all the relevant information and documentation needed to show the account was fraudulently opened and not hers, Equifax, Experian, and Trans Union continue to report inaccurate information concerning the Account.

29.    As of the filing of this Complaint, Equifax, Experian, and Trans Union continue to report inaccurate information on Plaintiff's credit report regarding the Account, and Plaintiff's damages are on-going as of the filing of this Complaint.

30.    As a result of the actions and/or inactions of Defendants, Plaintiff has experienced injury, including without limitation, monies lost from attempting to have her consumer reports corrected; loss of time attempting to cure the errors on her consumer reports; loss of credit opportunities; mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life.

## COUNT I
### Violation of 15 U.S.C. § 1681e(b)
### as to Equifax (Negligent)

31.    Plaintiff re-alleges and incorporates paragraphs 1 through 30 above, as if fully stated herein.

32.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintains concerning Plaintiff.

33.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

34.    As a direct result of this conduct, action, and/or inaction, Plaintiff experienced injury, including without limitation, loss of time, financial loss, emotional distress, and the damages otherwise outlined in this Complaint.

35.    Equifax's conduct, action, and/or inaction was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

36.    Plaintiff is entitled to recover costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff respectfully requests that this Court award actual damages against Equifax, jointly and severally; award attorney's fees and costs; and grant all such additional relief as the Court deems appropriate.

### COUNT II
### Violations of 15 U.S.C. § 1681e(b)
### as to Equifax (Willful)

37.    Plaintiff re-alleges and incorporates paragraphs 1 through 30, above as if fully stated herein.

38.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintains concerning Plaintiff.

39.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

40.    As a direct result of this conduct, action, and/or inaction, Plaintiff suffered damage, including without limitation, loss of time, financial loss, emotional distress, and the damages otherwise outlined in this Complaint.

41.    Equifax's conduct, action, and/or inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

42.    Plaintiff is entitled to recover costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff respectfully requests that this Court award actual or statutory damages, and punitive damages against Equifax, jointly and severally; award attorney's fees and costs; and grant all such additional relief as the Court deems appropriate.

**COUNT III**
**Violations of 15 U.S.C. § 1681i**
**as to Equifax (Negligent)**

43.    Plaintiff re-alleges and incorporates paragraphs 1 through 30, above as if fully stated herein.

44.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to conduct reasonable reinvestigations into Plaintiff's disputes; (ii) failing to review and consider all relevant information submitted by Plaintiff in the

disputes; and/or (iii) failing to promptly delete inaccurate information in Plaintiff's credit file.

45.    Plaintiff repeatedly provided Equifax with the information and documentation needed to confirm that the Account was fraudulently opened and did not belong to her.

46.    As a direct result of this conduct, action, and/or inaction, Plaintiff suffered damage, including without limitation, loss of time, financial loss, emotional distress, and the damages otherwise outlined in this Complaint.

47.    Equifax's conduct, action, and/or inaction was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

48.    Plaintiff is entitled to recover costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff respectfully requests that this Court award actual damages against Equifax, jointly and severally; award attorney's fees and costs; and grant all such additional relief as the Court deems appropriate.

### COUNT IV
### Violations of 15 U.S.C § 1681i
### as to Equifax (Willful)

49.    Plaintiff re-alleges and incorporates paragraphs 1 through 30 above, as if fully stated herein.

50.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to conduct reasonable reinvestigations into Plaintiff's disputes; (ii)

failing to review and consider all relevant information submitted by Plaintiff in the disputes; and/or (iii) failing to promptly delete inaccurate information in Plaintiff's credit file.

51.    Plaintiff repeatedly provided Equifax with the information and documentation it needed to confirm that the Account was fraudulently opened and did not belong to her.

52.    As a direct result of this conduct, action, and/or inaction, Plaintiff suffered damage, including without limitation, loss of time, financial loss, emotional distress, and the damages otherwise outlined in this Complaint.

53.    Equifax's conduct, action, and/or inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

54.    Plaintiff is entitled to recover costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff respectfully requests that this Court award actual or statutory damages, and punitive damages against Equifax, jointly and severally; award attorney's fees and costs; and grant all such additional relief as the Court deems appropriate.

## COUNT V
### Violations of 15 U.S.C. § 1681e(b)
### as to Experian (Negligent)

55.    Plaintiff re-alleges and incorporates paragraphs 1 through 30 above, as if fully stated herein.

56.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintains concerning Plaintiff.

57.    Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

58.    As a direct result of this conduct, action, and/or inaction, Plaintiff suffered damage, including without limitation, loss of time, financial loss, emotional distress, and the damages otherwise outlined in this Complaint.

59.    Experian's conduct, action, and/or inaction was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

60.    Plaintiff is entitled to recover costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff respectfully requests that this Court award actual damages against Experian, jointly and severally; award attorney's fees and costs; and grant all such additional relief as the Court deems appropriate.

### COUNT VI
### Violations of 15 U.S.C. § 1681e(b)
### as to Experian (Willful)

61.    Plaintiff re-alleges and incorporates paragraphs 1 through 30 above, as if fully stated herein.

62.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintains concerning Plaintiff.

63.    Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

64.    As a direct result of this conduct, action, and/or inaction, Plaintiff suffered damage, including without limitation, loss of time, financial loss, emotional distress, and the damages otherwise outlined in this Complaint.

65.    Experian's conduct, action, and/or inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

66.    Plaintiff is entitled to recover costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff respectfully requests that this Court award actual or statutory damages, and punitive damages against Experian, jointly and severally; award attorney's fees and costs; and grant all such additional relief as the Court deems appropriate.

<u>**COUNT VII**</u>
**Violations of 15 U.S.C. § 1681i**
**as to Experian (Negligent)**

67.   Plaintiff re-alleges and incorporates paragraphs 1 through 30 above, as if fully stated herein.

68.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to conduct reasonable reinvestigations into Plaintiff's disputes; (ii) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and/or (iii) failing to promptly delete inaccurate information in Plaintiff's credit file.

69.   Plaintiff repeatedly provided Experian with the information and documentation it needed to confirm that the Account was fraudulently opened and did not belong to her.

70.   As a direct result of this conduct, action, and/or inaction, Plaintiff suffered damage, including without limitation, loss of time, financial loss, emotional distress, and the damages otherwise outlined in this Complaint.

71.   Experian's conduct, action, and/or inaction was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

72.   Plaintiff is entitled to recover costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff respectfully requests that this Court award actual damages against Experian, jointly and severally; award attorney's fees and costs; and grant all such additional relief as the Court deems appropriate.

### COUNT VIII
### Violations of 15 U.S.C. § 1681i
### as to Experian (Willful)

73.    Plaintiff re-alleges and incorporates paragraphs 1 through 30 above, as if fully stated herein.

74.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to conduct reasonable reinvestigations into Plaintiff's disputes; (ii) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and/or (iii) failing to promptly delete inaccurate information in Plaintiff's credit file.

75.    Plaintiff repeatedly provided Experian with the information and documentation it needed to confirm that the Account was fraudulently opened and did not belong to her.

76.    As a direct result of this conduct, action, and/or inaction, Plaintiff suffered damage, including without limitation, loss of time, financial loss, emotional distress, and the damages otherwise outlined in this Complaint.

77.    Experian's conduct, action, and/or inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

78.    Plaintiff is entitled to recover costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff respectfully requests that this Court award actual or statutory damages, and punitive damages against Experian, jointly and

severally; award attorney's fees and costs; and grant all such additional relief as the Court deems appropriate.

## COUNT IX
### Violations of 15 U.S.C. § 1681e(b)
### as to Trans Union (Negligent)

79.    Plaintiff re-alleges and incorporates paragraphs 1 through 30 above, as if fully stated herein.

80.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintains concerning Plaintiff.

81.    Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

82.    As a direct result of this conduct, action, and/or inaction, Plaintiff suffered damage, including without limitation, loss of time, financial loss, emotional distress, and the damages otherwise outlined in this Complaint.

83.    Trans Union's conduct, action, and/or inaction was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

84.    Plaintiff is entitled to recover costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff respectfully requests that this Court award actual damages against Trans Union, jointly and severally; award attorney's fees and costs; and grant all such additional relief as the Court deems appropriate.

## COUNT X
## Violations of 15 U.S.C. § 1681e(b)
## as to Trans Union (Willful)

85.    Plaintiff re-alleges and incorporates paragraphs 1 through 30 above, as if fully stated herein.

86.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintains concerning Plaintiff.

87.    Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

88.    As a direct result of this conduct, action, and/or inaction, Plaintiff suffered damage, including without limitation, loss of time, financial loss, emotional distress, and the damages otherwise outlined in this Complaint.

89.    Trans Union's conduct, action, and/or inaction was willful, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

90.    Plaintiff is entitled to recover costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff respectfully requests that this Court award actual or statutory damages, and punitive damages against Trans Union, jointly and severally; award attorney's fees and costs; and grant all such additional relief as the Court deems appropriate.

## COUNT XI
### Violations of 15 U.S.C. § 1681i
### as to Trans Union (Negligent)

91.     Plaintiff re-alleges and incorporates paragraphs 1 through 30 above, as if fully stated herein.

92.     After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to conduct reasonable reinvestigations into Plaintiff's disputes; (ii) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and/or (iii) failing to promptly delete inaccurate information in Plaintiff's credit file.

93.     Plaintiff repeatedly provided Trans Union with the information and documentation it needed to confirm that the Account was fraudulently opened and did not belong to her.

94.     As a direct result of this conduct, action, and/or inaction, Plaintiff suffered damage, including without limitation, loss of time, financial loss, emotional distress, and the damages otherwise outlined in this Complaint.

95.     Trans Union's conduct, action, and/or inaction was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

96.     Plaintiff is entitled to recover costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff respectfully requests that this Court award actual damages against Trans Union, jointly and severally; award attorney's fees and costs; and grant all such additional relief as the Court deems appropriate.

## COUNT XII
### Violations of 15 U.S.C. § 1681i
### as to Trans Union (Willful)

97.     Plaintiff re-alleges and incorporates paragraphs 1 through 30 above, as if fully stated herein.

98.     After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to conduct reasonable reinvestigations into Plaintiff's disputes; (ii) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and/or (iii) failing to promptly delete inaccurate information in Plaintiff's credit file.

99.     Plaintiff repeatedly provided Trans Union with the information and documentation it needed to confirm that the Account was fraudulently opened and did not belong to her.

100.   As a direct result of this conduct, action, and/or inaction, Plaintiff suffered damage, including without limitation, loss of time, financial loss, emotional distress, and the damages otherwise outlined in this Complaint.

101.    Trans Union's conduct, action, and/or inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

102.    Plaintiff is entitled to recover costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff respectfully requests that this Court award actual or statutory damages, and punitive damages against Trans Union, jointly and severally; award attorney's fees and costs; and grant all such additional relief as the Court deems appropriate.

### COUNT XIII
### Violations of 15 U.S.C. § 1681s-2(b)
### as to Ally (Negligent)

103.    Plaintiff re-alleges and reincorporates paragraphs 1 through 30 above, as if fully stated herein.

104.    Ally furnished inaccurate information about Plaintiff to Equifax, Experian, and Trans Union, and through those agencies, to all of Plaintiff's potential lenders.

105.    After receiving Plaintiff's disputes, Ally violated 15 U.S.C. § 1681s-2(b) by: (i) failing to fully and properly investigate Plaintiff's disputes; (ii) failing to properly review all relevant information and its own file with regard to Plaintiff's disputes; (iii) failing to properly report the results of all investigations to the credit reporting agencies to which it furnished information about Plaintiff; and/or (iv)

failing to promptly delete, modify, and/or permanently block the inaccurate information in Plaintiff's credit file.

106.    Plaintiff provided all the relevant information and documentation necessary for Ally to determine that the Account was fraudulently opened and did not belong to her.

107.    As a result of this conduct, action and/or inaction, Plaintiff suffered damage, including without limitation, loss of time, financial loss, emotional distress, and the damages otherwise outlined in this Complaint.

108.    Ally's conduct, action and/or inaction was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

109.    Plaintiff is entitled to recover reasonable attorney's fees and costs in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff respectfully requests that this Court award actual damages against Ally, jointly and severally; award attorney's fees and costs; and grant all such additional relief as the Court deems appropriate.

## COUNT XIV
### Violations of 15 U.S.C. § 1681s-2(b)
### as to Ally (Willful)

110.    Plaintiff re-alleges and reincorporates paragraphs 1 through 30 above, as if fully stated herein.

111.   Ally furnished inaccurate information about Plaintiff to Equifax, Experian, and Trans Union, and through those agencies, to all of Plaintiff's potential lenders.

112.   After receiving Plaintiff's disputes, Ally violated 15 U.S.C. § 1681s-2(b) by: (i) failing to fully and properly investigate Plaintiff's disputes; (ii) failing to properly review all relevant information and its own file with regard to Plaintiff's disputes; (iii) failing to properly report the results of all investigations to the credit reporting agencies to which it furnished information about Plaintiff; and/or (iv) failing to promptly delete, modify, and/or permanently block the inaccurate information in Plaintiff's credit file.

113.   Plaintiff provided all the relevant information and documentation necessary for Ally to determine that the Account was fraudulently opened and did not belong to her.

114.   As a result of this conduct, action and/or inaction, Plaintiff experienced injury, including without limitation, loss of time, financial loss, emotional distress, and the damages otherwise outlined in this Complaint.

115.   Ally's conduct, action, and/or inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

116.   Plaintiff is entitled to recover reasonable attorney's fees and costs in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff respectfully requests that this Court award actual or statutory damages, and punitive damages against Ally, jointly and severally; award attorney's fees and costs; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment for actual, statutory, and/or punitive damages against Defendants; attorney fees and costs; pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

Respectfully submitted,

**/s/ *Christopher Legg***
Christopher W. Legg, Esq. – *Lead Counsel*
Florida Bar #: 0044460
Primary Email:
Chris@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com

**/s/ *Octavio Gomez***
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Primary Email:
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com

The Consumer Lawyers, PLLC
412 E. Madison St., Ste. 916
Tampa, Florida 33602
Office: 813-299-8537
Facsimile: 844-951-3933

*Attorneys for Plaintiff*